IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM LEE GRANT, II, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1040-RGA |
| U.S. DEPARTMENT OF JUSTICE, | : |
| Defendant. | : |

William Lee Grant, II, Springfield, Illinois. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff William Lee Grant, II proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This action was commenced on June 3, 2019. (D.I. 1). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

There are numerous attachments to the Complaint. Most of the allegations are disjointed and fantastical. In the most lucid section of his Complaint, Plaintiff alleges that he was subjected to a hostile work environment when he was employed by the State of Illinois. (D.I. 1 at 1). Plaintiff alleges that he "was retaliated against for filing a Civil Rights Complaint and an Ethics Complaint in 2012 with the State of Illinois, that he was denied Federal unemployment benefits from the Illinois Department of Employment Security in 2015, and that he was "blacklisted" all over America. (D.I. 1 at 1-2). Plaintiff alleges that Defendant U.S. Department of Justice did not deny the allegations. (*Id.* at 2). Plaintiff seeks $99 trillion in compensatory damages. (*Id.* at 5).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most

1

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

2

action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

While the Court construes *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. at 94, Plaintiff's Complaint states no recognizable causes of action. The Court finds the Complaint contains fantastical and/or delusional claims that are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint may be dismissed as lacking a basis in fact if premised upon allegations that are fanciful, fantastic, and delusional); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). In addition, the Court notes that Plaintiff has been recognized as a frequent filer of frivolous litigation in federal courts throughout the country and he has made the same claims in many of his filings. *See Grant v.*

3

*United States Department of the Treasury*, 2018 WL 3748415 (E.D. Tex. 2018) (noting that Plaintiff had filed at least seventeen complaints in various district courts making similar allegations related to a hostile work environment claim).

Finally, Plaintiff has not alleged facts establishing that employees or officials of DOJ committed wrongful acts for which the United States may be held liable, and he has not identified a source of such liability. Apart from the pleading deficiency, the United States and its agencies are immune from suit for money damages based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are frivolous. The Complaint will be dismissed.

**CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.

4